**Affirmed and Plurality, Concurring and Dissenting Opinions filed December 31, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00488-CV

---

### GENSETIX, INC., Appellant

### V.

### BAYLOR COLLEGE OF MEDICINE, DIAKONOS RESEARCH, LTD, AND WILLIAM K. DECKER, Appellees

---

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2019-02003**

---

### DISSENTING OPINION

The threshold question before us is whether the Texas Citizens Participation Act ("TCPA") applies to this dispute. Because this dispute does not involve "a good, product or service in the marketplace," it does not involve a "matter of public concern" and so should not be subjected to the TCPA. I respectfully dissent from the plurality opinion.

In relevant part, a legal action is subject to dismissal under the TCPA if it is based on, related to, or in response to the exercise of a defendant's right to free speech. TEX. CIV. PRAC. & REM. CODE § 27.003. In turn, the TCPA defines "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." TEX. CIV. PRAC. & REM. CODE § 27.001(3). "Matter of public concern" is defined by the statute as a communication involving one of five categories. *Id.* § 27.001(7)(A-E). As stated in the plurality opinion, this case involves application of Section 27.001(7)(E): a communication about "a good, product or service in the marketplace."

Gensetix's pleadings allege that it had a nondisclosure agreement with Appellee Decker, which he breached; that it had an oral contract with Decker, which he breached; alternatively, that it relied on Decker's promise to cooperate in commercializing his research, to its detriment; that Appellees BCM and Diakonos interfered with Gensetix's contract with The University of Texas MD Anderson Cancer Center to license Decker's research and conspired with Decker to interfere with that contract. The plurality holds that Gensetix's legal actions are related to Appellees' exercise of their rights of free speech because they are "related to the Decker Parties' communications about a matter of public concern, i.e., 'a good, product, or service in the marketplace.'"

In finding the TCPA applies, the plurality, citing *Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017), goes outside the statute and borrows the definition of "matter of public concern" from First Amendment actual-malice law. This interpretation treats the statutory definition of "matter of public concern" found in Section 27.001(7)(E) as surplusage and ignores the Supreme Court's admonition that "the statute's scope is dictated by its text, not by our understanding of the constitution." *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC,* 591 S.W.3d

2

127, 134 (Tex. 2019). Moreover, the plurality opinion conflicts with *Creative Oil*, a 2019 Supreme Court case applying the same definitions at issue here to a similar fact pattern.

*Creative Oil* arose out of a dispute over interpretation of an oil and gas lease. Lona Hills Ranch ("Lessor") filed a trespass-to-try-title suit, alleging the lease had expired for lack of production. Lessor contacted third-party purchasers of the lease's production, telling them the lease was expired and their payments for production should stop. *Id.* at 130. Lessee and Operator filed counterclaims, contending in relevant part that these contacts contained false information which caused them damages. *Id.* at 133. Lessor sought dismissal under the TCPA, contending that their contacts with third parties implicated their exercise of the right of free speech because they had contacted the third-party purchasers about "a matter of public concern." *Id.* at 131. The status of the lease was a "matter of public concern," Lessor contended, because the lease and its production were "a good, product or service in the marketplace." *Id.* at 134.

The Court found the Lessor's argument would subject almost all contract litigation to the TCPA. *Id.* By reading the entire definition in context, the Court determined that the phrase "in the marketplace" narrowed the scope of Section 27.001(7)(E) by requiring the communication at issue be directed to a broader, more public audience:

> Black's Law [sic] defines "marketplace" as "[t]he business environment in which goods and services are sold in competition with other suppliers." Marketplace, BLACK'S LAW DICTIONARY (11th ed. 2019) (emphasis added). The "in the marketplace" modifier suggests that the communication about goods or services must have some relevance to a **wider audience of potential buyers or sellers in the marketplace, as opposed to communications of relevance only to the parties to a particular transaction.**

*Id.* at 134 (emphasis added).

Ultimately, the Court found that the communications at issue did not implicate Lessor's right of free speech; because those communications were not directed at the broader marketplace, they did not involve a "matter of public concern." *Id.* at 135–136.

*Creative Oil* thus holds that not every communication about a "good, product or service" is an exercise of the right of free speech; "the communication must have some relevance to a public audience of potential buyers or sellers." *Id.* at 135. Conversely, communications directed solely at parties who already have a pecuniary interest in a contract or transaction are private business communications not subject to the TCPA. *Id.* at 136. It is mere speculation on the part of the plurality that this business dispute will someday involve matters of public concern.

I would hold that the case at issue does not involve a matter of public concern and that the Decker parties have failed to demonstrate that Gensetix's causes of action are based on communications directed at a public audience of potential buyers and sellers and so does not involve a good, service or product in the marketplace. I would reverse the orders of the trial court dismissing Gensetix's causes of action and remand for further proceedings.

/s/ Margaret "Meg" Poissant
Justice

Panel consists of Chief Justice Frost, Justice Zimmerer, and Justice Poissant. (Zimmerer, J., plurality)(Frost, C.J., concurring).

4